IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 15, 2022

## STATE OF TENNESSEE v. GERALD N. CRAWFORD

**Appeal from the Criminal Court for Davidson County**
**No. 2019-A-216    Steve R. Dozier, Judge**

_____

### No. M2021-00271-CCA-R3-CD

_____

The Defendant, Gerald N. Crawford, pleaded guilty to delivery of heroin, a Class B felony, and possession with the intent to sell heroin, a Class B felony. *See* T.C.A. § 39-17-417(a)(2), (4) (2018) (subsequently amended). Pursuant to the plea agreement, the Defendant received concurrent twelve-year, Range I sentences, and after a sentencing hearing, the trial court ordered the Defendant to serve the sentences in the Department of Correction. The Defendant filed a motion to modify the manner of service of the sentences, which the court denied. On appeal, the Defendant contends that the trial court abused its discretion in denying the motion. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and TIMOTHY L. EASTER, J., joined.

Lauren Wills, Nashville, Tennessee, for the Appellant, Gerald N. Crawford.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; Mindy Vincore, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant was indicted with delivery of a Schedule I controlled substance; possession with the intent to deliver a Schedule I controlled substance; sale of a Schedule I controlled substance; possession with the intent to sell a Schedule I controlled substance; altering, destroying, or concealing evidence; and driving while his license was canceled, suspended, or revoked. The offenses related to a confidential informant's "controlled buy" of heroin from the Defendant on July 16 and 26, 2018. The Defendant pleaded guilty to delivery of a Schedule I controlled substance related to a July 16 incident and to possession

with the intent to sell a Schedule I controlled substance related to a July 26 incident, and the remaining charges were dismissed.

At the sentencing hearing held to determine the manner of service of the sentences, the Defendant stated in an allocution that he was sorry for his past actions and that he would like to be given a second chance. He stated that he had completed several courses and that he would like to be placed in the Christian Home Ministry program. He pledged to follow the rules of probation and of the Christian Home Ministry program. Defense counsel explained that the program was a six-month residential program. Defense counsel requested split confinement, which she argued would allow the Defendant to continue with the treatment he had received in the past year. *See* T.C.A. § 40-35-303(a) (2018) (subsequently amended) (stating that a defendant with a sentence of more than ten years is not eligible for probation and that a defendant convicted of a Schedule I drug offense shall not be eligible for probation). The trial court took the matter under advisement and in a written order, the court ordered the Defendant to serve his concurrent, twelve-year sentences. The court found two enhancement factors: that the Defendant had a previous history of criminal convictions and behavior, noting two felony and twenty-six misdemeanor convictions, and that the Defendant had previously failed to comply with the conditions of release into the community, noting prior violations related to community corrections and the sex offender registry. *See id.* § 40-35-114(1), (8) (2018) (subsequently amended). The court found no mitigating factors. *See id.* § 40-35-113 (2018). The court stated in its order that it would lose jurisdiction over the Defendant once he was transferred to the Department of Correction but that the Defendant "will be able to apply to Morgan County for any requested change in sentencing in the future."[1]

The Defendant filed a timely motion pursuant to Tennessee Rule of Criminal Procedure 35 for modification of the sentences. Specifically, he asked the trial court to grant him "the opportunity to seek a halfway house and help for his addiction." At the hearing on the motion, the Defendant testified that he had applied to a Morgan County Drug Court program but that he was ineligible because he was on the sex offender registry for a 2003 rape case. He said that before he had been transferred to the Department of Correction, he had been in the jail's "program pod" and that he had been accepted to begin Journey to Freedom, a nine-month treatment program. He asked the trial court to resentence him in a manner that would permit him to complete Journey to Freedom and to be released thereafter. The court took the matter under advisement. In a written order, the court denied relief, noting that the Defendant had previously been unsuccessful when granted an alternative sentence for a drug conviction, that he had a twenty-five-year history of criminal convictions, that he had multiple domestic violence convictions, and that he

---

[1] Although the application to "Morgan County" was mentioned at the sentencing hearing, the meaning was not explained. We infer from other information in the record that the reference is to a Department of Correction Morgan County Drug Court program.

had been convicted of a sexual offense involving a child. The court noted, as well, that the Defendant's convictions related to heroin, a highly addictive substance, and that the Defendant possessed eleven grams of heroin when he was arrested. The court stated that it recognized the Defendant's addiction issues but "cannot ignore the gravity of his intent to supply others with an intractably addictive substance for his own financial gain." Thus, the court concluded that a sentence reduction was not in the best interests of the Defendant or the public. This appeal followed.

The Defendant contends that the trial court abused its discretion in denying his motion to modify his sentences. Tennessee Rule of Criminal Procedure 35 permits a trial court to reduce a sentence upon a motion filed within 120 days of the imposition of the sentence or revocation of probation. Tenn. R. Crim. P. 35(a). The intent of this rule "is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." *Id*. (Advisory Comm'n Cmts.)

> The modification permitted by this rule is any modification otherwise permitted by the law when the judge originally imposed sentence including but not limited to a transfer to the workhouse or probation to otherwise eligible defendants. If there is a modification, the state may appeal.

*Id*. (Advisory Comm'n Cmts.). Appellate review of a motion to reduce a sentence pursuant to Rule 35 is for abuse of discretion. *State v Patterson*, 564 S.W.3d 423, 430 (Tenn. 2018). If a defendant has pleaded guilty with an agreement as to the sentence, he must show a post-sentencing change in circumstances to justify a reduction or modification of the sentence. *Id.* at 434. However, if he pleaded guilty without a sentencing agreement, he is not required to make a particular showing in order to obtain a reduction if the interests of justice require. *Id.* at 433-34.

We begin by noting that a trial court's authority to modify a sentence pursuant to Rule 35 extends only to a sentence which the court could have originally imposed at the time of sentencing. *See* Tenn. R. Crim. P. 35 (Advisory Comm'n Cmts.). The Defendant in the present case was ineligible for probation, and the court's authority to modify his sentence included only those sentencing alternatives for which the Defendant was eligible. *See* T.C.A. § 40-35-303(a).

The Defendant argues that he has taken responsibility for his actions and that he should be allowed "to continue his rehabilitation while on community corrections." The Defendant pleaded guilty with an agreement as to his sentences. He has not shown any change in circumstances to justify his requested sentence modification. Rather, his efforts are focused on relitigating the question of whether he should be granted a sentence involving release into the community, which would provide him with an opportunity to participate in a specific drug rehabilitation program. The trial court found that the

Defendant was a poor candidate for a sentence involving release, noting the Defendant's lengthy and abysmal prior criminal record and his past failure in complying with the terms of a community corrections sentence. Upon review, we conclude that the trial court did not abuse its discretion in denying the motion for a sentence modification. *See State v. Christopher Allen Smith*, No. E2019-01345-CCA-R3-CD, 2020 WL 1887836 (Tenn. Crim. App. Apr. 15, 2020) (holding that the trial court did not abuse its discretion in denying Rule 35 relief to a defendant who pleaded guilty with agreed sentences who requested modification of his sentences in order to participate in "a new [rehabilitation] program which he believes will help him"), *perm. app. denied* (Tenn. Sept. 16, 2020); *State v. James Hall*, No. M2018-00096-CCA-R3-CD, 2019 WL 451368, at *2 (Tenn. Crim. App. Feb. 5, 2019) ("A defendant's willingness to enter a rehabilitation program or a defendant's completion of a rehabilitation program is not the type of 'unforeseen, post-sentencing' development that may serve as the basis for a modification of a sentence." (quoting *State v. McDonald*, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994)).

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE