IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 19, 2025

## STATE OF TENNESSEE v. JOSEPH RAYMOND CACCIATORE

Appeal from the Criminal Court for Knox County
Nos. 120336, 124412, 124486    Steven Wayne Sword, Judge

_____

### No. E2024-01214-CCA-R3-CD

_____

Defendant, Joseph Raymond Cacciatore, appeals the trial court's denial of his motion for a reduction of sentence pursuant to Tennessee Rule of Criminal Procedure 35 in which Defendant sought a reduction of his effective ten-year sentence of incarceration resulting from his guilty pleas to two counts of solicitation of a minor, three counts of coercion of a witness, and one count of attempted especially aggravated sexual exploitation of a minor. On appeal, Defendant contends that he received the ineffective assistance of counsel, that his plea was not knowingly and voluntarily entered, and that he was arrested and confined without being properly indicted. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JOHN W. CAMPBELL, SR., JJ., joined.

Joseph Raymond Cacciatore, Wartburg, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Johnny Cerisano, Assistant Attorney General; and Charme P. Allen, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual and Procedural History

In December 2021, Defendant was charged by presentment in Case Number 120336 with two counts of solicitation of a minor to commit aggravated sexual battery, two counts of attempted aggravated sexual battery, solicitation of a minor to commit rape of a child,

solicitation of a minor to commit sexual activity involving a minor, and assault. On April 13, 2023, Defendant was charged by presentment in Case Number 124412 with three counts of coercion of a witness. On April 20, 2023, Defendant was charged by presentment in Case Number 124406 with especially aggravated sexual exploitation of a minor, sexual exploitation of a minor, aggravated unlawful photographing, three counts of unlawful photographing of a child under the age of thirteen, and three counts of invasion of privacy.

Defendant subsequently pleaded guilty in Case Number 120336 to one count of solicitation of a minor to commit aggravated sexual battery and one count of solicitation of a minor to commit sexual activity involving a minor, in Case Number 124412 to three counts of coercion of a witness, and in Case Number 124406 to attempted especially aggravated sexual exploitation of a minor. The remaining charges were dismissed. According to the judgments entered on February 26, 2024, Defendant was sentenced to three years at thirty percent for solicitation of a minor to commit aggravated sexual battery, two years at thirty percent for solicitation of a minor to commit sexual activity involving a minor, two years at thirty percent for each conviction of coercion of a witness, and five years at one hundred percent for attempted especially aggravated sexual exploitation of a minor. The judgments reflect that imposition of concurrent and consecutive sentences resulted in an effective sentence of ten years to be served in confinement. The guilty plea agreement and the transcript of the guilty plea hearing are not included in the appellate record. However, pleadings filed by Defendant indicate that the sentences were included as part of the plea agreement.

On June 24, 2024, Defendant filed a pro se motion seeking a reduction of his sentence pursuant to Tennessee Rule of Criminal Procedure 35. Defendant asserted that his counsel was ineffective, that his pleas were unknowingly and involuntarily entered, and that the law enforcement officers' search of his computers and Secure Digital or SD cards was unconstitutional. Defendant also urged the trial court to reduce his sentence due to his advanced age.

On June 28, 2024, the trial court entered an order summarily denying Defendant's motion. The court found that the plea agreement was "spelled out with specificity" and included the dismissal of many of the charged offenses, that Defendant received a sentence that was "significantly less than the potential sentence he was facing," that "[t]he parties took into consideration [Defendant's] advanced age," and that a reduction in Defendant's sentence would be "a tremendous injustice." Defendant subsequently filed a pro se notice of appeal.

- 2 -

## II. Analysis

On appeal, Defendant contends that the trial court erred in denying his motion to reduce his sentence pursuant to Tennessee Rule of Criminal Procedure 35. Defendant contends that his counsel was ineffective in failing to seek to suppress evidence obtained by law enforcement officers during their search of electronic devices pursuant to a search warrant, that Defendant's guilty plea was unknowingly and involuntarily entered, and that Defendant was arrested and confined for a period before a presentment was issued in violation of his federal and state constitutional rights. The State responds that Defendant failed to file a timely notice of appeal and that he is not otherwise entitled to relief.

Tennessee Rule of Appellate Procedure 4(a) states that the notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." In the case of a pro se defendant who is incarcerated, "filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. App. P. 20(g). "Should timeliness of filing or service become an issue, the burden is on the pro se litigant to establish compliance with this provision." *Id.*

The trial court entered its order denying Defendant's motion on June 28, 2024. Defendant's notice of appeal was not received and file stamped by the appellate court clerk's office until August 9, 2024. Defendant argues that his notice of appeal was timely and relies on Rule 20(g) of the Tennessee Rules of Appellate Procedure, the prison mailbox rule, which permits papers filed by a pro se litigant who is incarcerated to be deemed timely filed "if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Defendant contends that his notice of appeal provides that he submitted it on July 26, 2024, within thirty days of the entry of the trial court's order. We will consider Defendant's notice of appeal as timely, yet he has failed to establish that he is entitled to relief.

Pursuant to Rule 35(a) of the Tennessee Rules of Criminal Procedure, a defendant may seek a reduction in a sentence with the trial court within 120 days of the imposition of the sentence. This 120-day limit cannot be extended or tolled. Tenn. R. Crim. P. 35(a). The trial court may only reduce a sentence to one that the court could have "originally imposed." Tenn. R. Crim. P. 35(b). The intent of Rule 35 "is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." Tenn. R. Crim. P. 35, Advisory Comm'n Cmts. When a defendant has entered a plea agreement with a specific, negotiated sentence, the sentence may only be modified pursuant to Rule 35 "where unforeseen, post-sentencing developments would permit modification of a sentence in the interest of justice." *State v. McDonald*, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994); *see State v. Patterson*, 564 S.W.3d 423, 434 (Tenn. 2018)

("[A] defendant is required to provide such information only if the defendant's Rule 35 motion seeks reduction of a specific sentence imposed in exchange for a guilty plea. For Rule 35 motions of this type, the *McDonald* standard remains applicable and appropriate."). The trial court may deny a Rule 35 motion without a hearing. Tenn. R. Crim. P. 35(c). We review a trial court's denial of a Rule 35 motion for an abuse of discretion. *Patterson*, 564 S.W.3d at 429.

Although Defendant seeks relief pursuant to Rule 35 based on his claims of ineffective assistance of counsel and unknowing and involuntary guilty pleas, "a Rule 35 motion is not the proper procedure for alleging constitutional violations, such as ineffective assistance of counsel or an involuntary guilty plea." *State v. Janes*, 2023 WL 7277147, at *2 (Tenn. Crim. App. Nov. 3, 2023) (citing *State v. Harmon*, No. E2016-00551-CCA-R3-CD, 2017 WL 2839744, at *3 (Tenn. Crim. App. July 3, 2017); *State v. Beaudion*, No. M2001-01560-CCA-R3-CD, 2002 WL 31819132, at *2-3 (Tenn. Crim. App. Dec. 13, 2002)). Defendant's remaining claim—that he was improperly confined before the issuance of a presentment or an indictment—is waived, because he failed to raise the issue in his Rule 35 motion and instead raised it for the first time on appeal. *See State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996) ("Ordinarily, issues raised for the first time on appeal are waived."). Accordingly, we conclude that the trial court did not abuse its discretion in summarily denying Defendant's Rule 35 motion.

## III. Conclusion

Upon reviewing the record, the parties' briefs, and the applicable law, we affirm the judgments of the trial court.

s/ Matthew J. Wilson
MATTHEW J. WILSON, JUDGE

- 4 -