IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 18, 2026

## STATE OF TENNESSEE v. VIDAL CHAD BRYANT

**Appeal from the Criminal Court for Knox County**
**No. 125982    Hector Sanchez, Judge**

_____

### No. E2025-00493-CCA-R3-CD

_____

The defendant, Vidal Chad Bryant, pled guilty to attempted possession with the intent to sell butyrylfentanyl, a Class C felony; possession with the intent to sell less than half a gram of methamphetamine, a Class C felony; and possession of a firearm after having been previously convicted of a felony drug offense, a Class C felony, for an agreed-upon effective sentence of six years in the Tennessee Department of Correction ("TDOC").  On appeal, the defendant argues that the trial court abused its discretion in denying his motion to suspend the remainder of his sentence to probation.  Following our review of the record, the parties' briefs, and applicable law, we affirm the trial court's denial of the defendant's motion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, P.J., and JILL BARTEE AYERS, J., joined.

Mary J. Newton, Knoxville, Tennessee, for the appellant, Vidal Chad Bryant.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Charme P. Allen, District Attorney General; and Sean D. Bright, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### *Facts and Procedural History*

The defendant was charged in a seven-count indictment with various drug and weapons related offenses.  On January 26, 2024, the defendant pled guilty pursuant to a

plea agreement with the State to attempted possession with the intent to sell butyrylfentanyl, possession with the intent to sell less than half a gram of methamphetamine, and possession of a firearm after having been previously convicted of a felony drug offense. In exchange, the defendant received an effective sentence of six years in the Tennessee Department of Correction ("TDOC"). The trial court accepted the plea and entered the judgments that same day.

On December 19, 2024, the defendant filed a pro se motion to suspend the remainder of his sentence to probation, which was later amended by appointed counsel. In his motion, the defendant first averred that the trial court had jurisdiction to suspend his sentence because he had been in continuous custody in Knox County since his arrest on August 18, 2022, and had never been transferred to a TDOC facility. The defendant pointed out that he was denied parole on October 1, 2024, and would not be eligible again until February 2026. The defendant then asserted that it was in his best interest and that of society for the remainder of his sentence to be served on probation due to his medical condition and for him not to "take up space and resources needed for other inmates[.]"

The trial court conducted a hearing on the defendant's motion on March 7, 2025, at which the defendant testified that he had been incarcerated since his arrest on August 18, 2022, and had always been housed in a detention facility in Knox County or the Knox County Jail. He had never been transferred to a TDOC facility. The defendant appeared before the parole board on October 1, 2024, and was not granted parole. He would not be considered for parole again until February 2026. The defendant also explained that he had participated in numerous programs during his incarceration and provided certificates detailing those.

The defendant then discussed the medical concerns he was presently facing. Sometime in 2024, he began experiencing a gastrointestinal issue and was diagnosed with an H. pylori bacterial infection. He was given medication, and it worked; however, he began experiencing symptoms again a few weeks after he stopped taking it. The medical staff was presently running tests and trying various medications to help his condition, but the defendant explained in grotesque detail the symptoms he was still experiencing. The defendant desired to seek treatment outside of the detention facility. In addition, the defendant's mother, two cousins, and a close friend had passed away while he was incarcerated, all of which was causing him stress. He explained that if the court granted his motion or when he was ultimately paroled, his plan was to move to New York to help his sister since his mom's passing. He also planned to get a job and go back to school.

On cross-examination, the defendant acknowledged that he received the benefit of a shorter sentence than what he faced by virtue of the plea agreement. He also acknowledged that he knew he would serve a prison sentence under the terms of the plea.

Melissa Federici, a physician assistant with the Knox County Detention Facility, reviewed the defendant's file and recounted that the defendant was treated for "some stomach issues" that turned out to be an H. pylori bacterial infection. The defendant was "treated for that and retested afterwards and it was eradicated." When the defendant started complaining of symptoms again, "he was retested and that test was negative as well." Further testing had been ordered to see if there was another type of bacterial infection, but the results were not back. According to Ms. Federici, the defendant received treatment anytime he complained of a medical issue. Ms. Federici explained that the defendant was informed that lifestyle choices could be contributing to his issues and was "advised to avoid spicy, acidic foods, fried foods, fatty stuff because that can cause a lot of abdominal issues and stomach issues and commissary has a lot of those items [but] he continues to order them."

Lieutenant Samantha Hill, a disciplinary grievance officer at the Knox County Detention Facility, was familiar with the defendant's disciplinary history. According to the records, the defendant had received thirteen infractions during his period of incarceration. Among the infractions were reports of assaulting other inmates, refusing to lockdown, unauthorized transporting of items, using or possessing intoxicants, using or possessing dangerous contraband, and lying or deception.

After hearing the arguments of the parties, the trial court denied the defendant's motion to suspend the remainder of his sentence to probation. The trial court first determined that it had jurisdiction to consider the motion under Tennessee Code Annotated sections 40-35-212 and 40-35-303(e) because the defendant remained in local custody although serving a TDOC sentence. The court then observed that the defendant was not "new to the criminal justice system" and that by accepting the plea agreement, the defendant received a "substantial material benefit with regard to the potential exposure he faced on the charged offenses." The court recounted that the defendant was diagnosed with an H. pylori infection that caused "GI issues," but the infection was cured with medication. The defendant was advised of lifestyle changes that could diminish some of his ailments but continued to order food from the commissary that would trigger his symptoms. Thus, the defendant was "experiencing . . . the product of his choices." The court noted that the defendant had "done some constructive things while he has been confined" but had also received thirteen disciplinary infractions. The court surmised that the defendant was "unhappy that he didn't make parole, and he is attempting to probate the remainder of his sentence." The court ultimately concluded that there were no new developments that "warrant[ed] an alteration [to the defendant's sentence] in the interest of justice," and that the defendant needed to "continue to work on the things that he needs to, to make himself have a better shot at parole when he ultimately gets there."

The defendant filed this timely appeal.

## *Analysis*

On appeal, the defendant argues the trial court erred in denying his motion to suspend the remainder of his sentence because his "health developments warrant an alteration in the interest of justice." The State responds that the trial court properly denied the defendant's motion because the defendant's "health development" was a "common stomach infection that had already been 'eradicated' through medication" and that any on-going issues could be attributed to defendant's commissary purchases against medical advice. We agree with the State that the trial court acted within its discretion in denying the defendant's motion.

As an initial matter, we observe that the trial court determined it had jurisdiction to consider the defendant's motion under Tennessee Code Annotated sections 40-35-212 and 40-35-303(e).

Tennessee Code Annotated section 40-35-212 provides in pertinent:

(c) Unless the defendant receives a sentence in the department, the court shall retain full jurisdiction over the manner of the defendant's sentence service.

(d)(1) Notwithstanding subsection (c), the court shall retain full jurisdiction over a defendant sentenced to the department during the time the defendant is being housed in a local jail or workhouse awaiting transfer to the department. The jurisdiction shall continue until the defendant is actually transferred to the physical custody of the department.

In addition, section 40-35-303(e) provides:

(e) Probation shall be granted, if at all, at the time of the sentencing hearing except for sentences served in a local jail or workhouse, or except during the time a defendant sentenced to the department of correction is being housed in a local jail or workhouse awaiting transfer to the department as provided in § 40-35-212(d).

The State does not outright contest the trial court's assessment of having jurisdiction but points out that if the defendant was housed in the local jail due to a contract with the TDOC, then the trial court would not retain jurisdiction. *See State v. Nielsen*, No. E2024-00579-CCA-R3-CD, 2025 WL 212825, at *3 (Tenn. Crim. App. Jan. 16, 2025) (observing that "[l]ocal jails may contract to house TDOC inmates to alleviate overcrowding in TDOC

facilities, *see* T.C.A. § 4-3-603(b), and where a defendant is sentenced to the TDOC but is housed in a local jail that has so contracted, the trial court is without jurisdiction to modify the defendant's sentence"), *no perm. app. filed*. However, as acknowledged by the State, there is no evidence in the record indicating that such a contract was in place, and presumably, the trial court would be in the best position to know whether there was such a contract. The fact the defendant was convicted in Knox County, sentenced in Knox County, and has always been housed in Knox County, at least up until the time he filed this motion, suggests the defendant was "being housed in a local jail or workhouse awaiting transfer to the department." *See State v. Lloyd*, No. M2017-01919-CCA-R3-CD, 2018 WL 5077694, at *3 (Tenn. Crim. App. Oct. 17, 2018) (distinguishing jurisdictional determination from that in *State v. McGill*, No. E2013-02069-CCA-R3-CD, 2014 WL 2854174, at *2 (Tenn. Crim. App. June 20, 2014), where the defendant had been transferred from a county facility in one county to a city facility located in another county that had contracted with the TDOC).

In any event, jurisdictional question aside, the trial court clearly acted within its discretion in denying the defendant's motion for suspension of the remainder of his sentence to probation.

"This court has previously concluded that when a defendant pled guilty pursuant to a plea agreement including an agreed-upon sentence, a motion to suspend a TDOC sentence pursuant to Tennessee Code Annotated section 40-35-303(e) will only be granted upon a showing that 'post-sentencing information or developments have arisen that warrant an alteration in the interest of justice.'" *State v. Green*, No. E2018-01287-CCA-R3-Cd, 2020 WL 1921088, at *5 (Tenn. Crim. App. Apr. 21, 2020) (quoting *Lloyd*, 2018 WL 5077694, at *8 (internal quotation omitted)), *perm. app. denied* (Tenn. July 17, 2020); *see State v. Patterson*, 564 S.W.3d 423, 434 n.22 (Tenn. 2018) (affirming the primary holding in *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006), that defendants seeking suspension of sentences under Tennessee Code Annotated section 40-35-306(c) must establish that "post-sentencing information or developments have arisen that warrant an alteration in the interest of justice," and noting that this Court had adopted the same standard for defendants seeking suspension of sentences under Tennessee Code Annotated section 40-35-303(e)). On appeal, we review the trial court's denial of a defendant's motion for suspension of sentence for abuse of discretion. *Lloyd*, 2018 WL 5077694, at *9.

In this case, the defendant's stated post-sentence circumstances that warrant a suspension of sentence are his "health developments" and desire to assist his family. While the defendant testified in detail about his gastrointestinal issues, the court also heard from Ms. Federici who verified the defendant's original diagnosis but explained that the defendant had been cured of that condition through medication and that any lingering gastrointestinal distress could be attributed to his dietary choices. Regardless, Ms. Federici

affirmed that if dietary changes did not help the defendant's "stomach complaints," he would continue to receive all the medical care he needed to address the issue. The defendant insists that his "struggle with H. pylori and gastrointestinal issues would be better treated if he were out of custody," but fails to demonstrate how his treatment in custody is inadequate. To the contrary, the record shows that the defendant's complaints have been taken seriously and that the medical team in the detention facility has continually worked to diagnosis his problem. Additionally, the defendant's inability to be present to help his family after the loss of his mother is an unfortunate consequence of his criminal actions but not necessarily an unexpected or unforeseen challenge. We conclude the trial court acted within its discretion in denying the defendant's motion, and the defendant is not entitled to relief.

### Conclusion

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

s/ *J. ROSS DYER*
J. ROSS DYER, JUDGE