IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs August 27, 2019

**STATE OF TENNESSEE v. DENNIS RASHEED GAYE**

**Appeal from the Criminal Court for Knox County
No. 100635   Bobby R. McGee, Judge**

_____

**No. E2018-02236-CCA-R3-CD**

_____

Defendant, Dennis Rasheed Gaye, appeals from the dismissal of a motion to reduce his sentence, a motion to correct an illegal sentence, and a motion to correct a clerical error. For the following reasons, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Dennis Rasheed Gaye, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Charme P. Allen, District Attorney General; and Jennifer Welch, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 16, 2014, Defendant entered guilty pleas in several cases: 100635, 101271, and 96453A. From the transcript of the guilty plea hearing, we have gleaned that in case number 101271, Defendant pled guilty to conspiracy to possess with intent to sell less than .5 grams of cocaine in a drug-free zone, a Class C felony. In exchange for the guilty plea, the State dismissed several other counts in case number 101271. The trial court sentenced Defendant to six years to be served at 100%, imposed a $2000 fine, and charged Defendant with costs.

In Count 1 of case number 100635, Defendant appears[1] to have been originally indicted for possession with intent to sell 26 grams or more of cocaine within 1000 feet of

_____

[1] The record submitted to this Court on appeal does not contain the indictments.

a drug-free childcare zone but pleaded guilty to possession with intent to sell .5 grams or more of cocaine within 1000 feet of a drug-free childcare zone, both Class B felonies. *Dennis Rasheed Gaye v. State*, E2017-00793-CCA-R3-PC, 2018 WL 287034, at *1 (Tenn. Crim. App. Jan. 4, 2018), *perm. app. denied* (Tenn. May 15, 2018). Defendant was sentenced to eight years at 100% to be served consecutively to the sentence in case number 101271. Defendant also received a fine of $2000 and was ordered to pay court costs. In Count 5 of case number 100635, Defendant pled guilty to simple possession and was sentenced to eleven months and twenty-nine days and a received $250 fine. This sentence was ordered to be served concurrently to the sentence in Count 1. In Count 6 of case number 100635, Defendant pled guilty to evading arrest in exchange for a sentence of eleven months and twenty-nine days to be served concurrently with the sentence in Count 1. Counts 2, 3, 4, 7, and 8 of case number 100635 were dismissed. Case number 100634 was dismissed.[2]

In case number 96453A, Defendant pled guilty to robbery in exchange for a six-year sentence as a Range I, standard offender to be served consecutively to the sentence in case number 100635. As a result of the guilty pleas in all three cases, Defendant was sentenced to a total effective sentence 20 years.

In April of 2014, Defendant filed a pro se motion for correction and reduction of his sentence pursuant to Tennessee Rule of Criminal Procedure 35 in case numbers 101271 and 100635. In the motion, Defendant argued that the trial court failed to make the proper findings prior to ordering consecutive sentencing. Defendant also argued that his sentence in case number 100635 should be eight years at 30% rather than eight years at 100% because the evidence did not show that he was in a drug-free zone at the time he committed the offense.

In October of 2014, Defendant sought post-conviction relief. The post-conviction court held a hearing in April of 2017 at which Defendant alleged that "the indictment [in case 100635] should be dismissed because the judgment did not reflect the proper conviction offense." *Id.* The post-conviction court determined that the original judgment of conviction for Count 1 of case number 100635 reflected that Defendant was convicted of possession with intent to sell 26 grams or more of cocaine within 1000 feet of a drug-free childcare zone, and the State conceded that a clerical error occurred on the judgment. *Id.* As a result, the post-conviction court ordered correction of the judgment form to reflect a conviction of possession with intent to sell 0.5 grams or more of cocaine within 1000 feet of a drug-free childcare zone. *Id.* The post-conviction court denied further relief, finding that dismissal of the indictment was not warranted. *Id.* On appeal from the denial of post-conviction relief, this Court affirmed the post-conviction court's judgment. *Id.* at *2. The supreme court denied permission to appeal.

---

[2] We are unable to ascertain the charges from case number 100634 from the record.

On February 16, 2018, Defendant filed an amended motion for relief under Rule 35, asking the trial court to reduce his eight-year sentence in case number 100635 to 7.2 years at 100%, asserting that there was a discrepancy between his negotiated guilty plea and the plea agreement announced on the record at the sentencing hearing. In May of 2018, Defendant filed a second amended motion pursuant to Rule 35 in which he asked the trial court to remove the drug-free zone enhancement from his conviction in case number 100635 and order Defendant to serve his sentence on probation because the location of the traffic stop which gave rise to the charges was not within a drug-free zone. In July of 2018, Defendant again amended his Rule 35 motion, asking the trial court to reduce his sentence in case number 100635 to three years at 100%. In this amendment, Defendant asserted that the trial court improperly rejected his plea agreement and allowed him to plead guilty to the reduced charge of possession with the intent to sell .5 grams or more "absent a[n] agreement with the State."

In June of 2018, Defendant sought relief from his convictions via a motion filed pursuant to Tennessee Rule of Criminal Procedure 36.1. In this motion, Defendant argued that the trial court improperly rejected the terms of his plea agreement and then changed the terms of the agreement by sentencing Defendant for possession with intent to sell .5 grams or more of cocaine despite the State's announcement at the guilty plea hearing that he was pleading guilty to possession with intent to sell 26 grams or more of cocaine within a drug-free zone. In Defendant's estimation, this created an illegal sentence.

On July 23, 2018, Defendant filed a motion pursuant to Rule 36 to correct a clerical error. In this motion, Defendant argued that the affidavit of complaint listed the improper address for the place of arrest. Defendant also asked the trial court to reduce his release eligibility to 30% under Rule 35.

In September of 2018, Defendant filed his fourth amended motion for relief under Rule 35 in which he repeated his claims from July of 2018. Defendant has also unsuccessfully pursued two petitions for writ of certiorari challenging his guilty pleas in this Court. *Dennis R. Gaye v. State*, E2018-00571-CCA-UNK-CO (Tenn. Crim. App. Apr. 9, 2018) (Order); *Dennis R. Gaye v. State*, E2018-00715-CCA-WR-CO (Tenn. Crim. App. Apr. 24, 2018) (Order).

On November 14, 2018, the trial court held a hearing. The trial court denied Defendant's Rule 35 motion for reduction of sentence, finding that Defendant was already sentenced to the minimum sentence allowed by statute. The trial court also denied Defendant's Rule 36.1 motion to correct an illegal sentence. The trial court dismissed the Rule 36 motion to correct a clerical error as moot. Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant argues that the trial court erred by failing to sentence him as an especially mitigated offender and argues that the location of the traffic stop was outside of a drug-free zone. Additionally, Defendant argues that the trial court erred by refusing to appoint an attorney for his Rule 36.1 motion because he stated a colorable claim. Defendant also complains that the trial court did not grant his motion for relief under Rule 36. The State argues that Defendant has waived any issue with regard to the resolution of the Rule 35 motion for failure to submit an adequate record for review. Specifically, the State points to the failure of Defendant to include the original motion filed pursuant to Rule 35 in the technical record.[3] The State also insists that Defendant has "failed to show that post-sentencing information or developments had arisen to warrant a reduction of his sentence in the interest of justice." Finally, the State agrees that the trial court properly denied the Rule 36.1 motion because Defendant failed to state a colorable claim.

Tennessee Rule of Criminal Procedure 35 provides a mechanism by which a defendant may seek reduction of his sentence within 120 days after the date the sentence is imposed. Tenn. R. Crim. P. 35(a). The trial court may only reduce a sentence to one that the court could have "originally imposed." *Id.* at 35(b). A trial court may deny a Rule 35 motion without a hearing. *Id.* at 35(c). A defendant may appeal the denial of the motion. *Id.* at 35(d). When an appellate court reviews the denial of a motion to reduce or modify a sentence, the standard is whether the trial court abused its discretion. *State v. Edenfield*, 299 S.W.3d 344, 346 (Tenn. Crim. App. 2009).

Where a Defendant has entered a plea agreement with a specific, negotiated sentence, that sentence may only be modified pursuant to Rule 35(b) "where unforeseen, post-sentencing developments would permit modification of a sentence in the interest of justice." *State v. McDonald*, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994); *see State v. Patterson*, 564 S.W.3d 423, 434 (Tenn. 2018) ("[A] defendant is required to provide such information only if the defendant's Rule 35 motion seeks reduction of a specific sentence imposed in exchange for a guilty plea. For Rule 35 motions of this type, the *McDonald* standard remains applicable and appropriate."). Defendant seeks reduction of his sentence on the basis that the traffic stop that led to his arrest and eventual guilty plea took place more than 1000 feet from the childcare agency at issue. The location of the traffic stop was known to Defendant at the time of his arrest and is not, therefore, an

---

[3] After the State filed its brief, Defendant filed several motions with this Court to supplement the appellate record with the original and an amended Rule 35 motion. This Court granted the motions to supplement. The technical record was supplemented with the original Rule 35 motion from April of 2014 and an amendment to the motion from February of 2018.

- 4 -

unforeseen post-sentencing development. The trial court did not abuse its discretion in denying the Rule 35 motion.

With regard to Defendant's motion to correct an illegal sentence pursuant to Rule 36.1, the trial court had to first determine if the motion stated a "colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). A colorable claim is a claim that, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). If the motion does not state a colorable claim, the court "shall enter an order summarily denying the motion." Tenn. R. Crim. P. 36.1(b)(2). Whether a defendant has stated a colorable claim is a question of law subject to de novo review. *Wooden*, 478 S.W.3d at 593. Here, Defendant argues that his sentence is illegal because the conviction offense that is listed on the judgment form does not match the conviction offense announced by the State at the plea hearing. If anything, this is a clerical error rather than an illegal sentence. *See Wooden*, 478 S.W.3d at 594-95. Moreover, Defendant already received relief during his post-conviction proceeding on the basis of the clerical error about which he now complains. *See Dennis Rasheed Gaye*, 2018 WL 287034, at *2. In fact, this issue was already resolved when Defendant filed the motion pursuant to Rule 36.1. The trial court properly denied Defendant's motion because he failed to state a colorable claim. Defendant has already received the remedy he sought.

Tennessee Rule of Criminal Procedure 36 states that a court "may at any time correct clerical mistakes in judgments . . . arising from oversight or omission." Clerical errors arise "simply from a clerical mistake in filling out the uniform judgment document." *Cantrell v. Easterling*, 346 S.W.3d 445, 449 (Tenn. 2011). Our supreme court has held that "to determine whether a clerical error has been made, a court ordinarily must compare the judgment with the transcript of the trial court's oral statements." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). If a conflict between the transcript and the judgment exists, then the transcript of the court's oral statements control. *Id.* Defendant's complaint with regard to Rule 36 dealt with the address for the location of his arrest. This information does not appear on the judgment form. The trial court properly denied Defendant's motion to correct a clerical error pursuant to Rule 36.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed. Nine days after this case was docketed in this Court, Defendant filed a motion to expedite the appeal on the basis that his sentence was set to expire in 65 days. Defendant did not include any supporting documentation with his motion to expedite. The motion is denied.

_____
TIMOTHY L. EASTER, JUDGE