IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 26, 2019

**STATE OF TENNESSEE v. TODD FAWVER**

**Appeal from the Criminal Court for Knox County**
**Nos. 111411, 111725          Steven W. Sword, Judge**

_____

**No. E2018-01062-CCA-R3-CD**

_____

The Appellant, Todd Fawver, appeals the trial court's revocation of his probation and denial of his motion to reduce his sentence, arguing that his violation was merely "technical" and that he should have been given a second chance at alternative sentencing. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

David H. Dupree, Knoxville, Tennessee, for the Appellant, Todd Fawver.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Philip H. Morton, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On September 13, 2017, the Knox County Grand Jury returned indictment number 11411, which charged the Appellant with two counts of violation of the sexual offender registration law.  On November 1, 2017, the Knox County Grand Jury returned indictment number 11725, which charged the Appellant with theft of property valued at least $2,500 but less than $10,000; criminal impersonation; driving on a revoked driver's license; and violation of the sexual offender registration law.

On February 2, 2018, the Appellant pled guilty to all charges in both indictments. Pursuant to the plea agreement, he was sentenced as a career offender to concurrent sentences of six years for the convictions in indictment number 11411. On indictment number 11725, the Appellant was sentenced to six years, 6 months, 6 months, and 6 years, respectively. The six-year sentence for theft was to be served concurrently with the remaining sentences on indictment number 11725 but consecutively to the sentences on indictment number 11411 for a total effective sentence of twelve years. The trial court ordered the Appellant to serve ninety days in confinement before being released on probation. However, because of jail credits the Appellant accrued from the time of his arrest until his guilty pleas, the Appellant was released on probation immediately after the pleas.

On March 20, 2018, a probation violation warrant was issued alleging that on March 13, 2018, the Appellant tested positive for amphetamine and methamphetamine. At a hearing on April 5, 2018, the Appellant admitted that he had violated the terms of his probation, did not contest that he had failed a drug screen, and requested "a hearing on what should happen next." The trial court continued the hearing until the probation office could prepare a post-sentence investigation report documenting the Appellant's criminal history. The trial court also gave the Appellant the opportunity to inquire about drug treatment providers who might be willing to accept him.

At the May 10, 2018 hearing, the trial court noted that the Appellant was not eligible for drug court because of his prior conviction of a sexual offense. The court further noted that the Appellant's presence on the sexual offender registry severely limited the court's alternative sentencing options. Defense counsel stated that he had received a copy of the Appellant's post-sentence investigation report "moments before" the hearing and that he had "flip[ped] through it. Haven't really read it yet." Defense counsel contended that the Appellant had not had the opportunity to obtain drug treatment, that the Appellant and society would benefit from the Appellant's receiving drug treatment, and that the majority of the Appellant's criminal history involved drug abuse. The State noted that the Appellant's probation officer did not support the Appellant's release on probation and that the Appellant had tested positive for drugs within twelve days of his release on probation.

The trial court revoked the Appellant's probation and said:

> [The Appellant's] got a couple of problems. One is his dual diagnosis 'cause he has mental health issues on top of his substance abuse issues. Beyond that he has this very serious conviction from a long time ago that makes him a sex offender, and so that really limits placements.

I mean, we just don't have many options at all in [the Appellant's] case, and when I saw the [post-]sentence investigation report, it did come back saying he was a high risk probation. . . . Really don't have any other options for [the Appellant] is the problem, and I don't think that an inpatient [program] is going to meet his needs. I mean, he— he committed this theft of a vehicle and the registry violations, and he's—he's had criminal offenses going back for a long time. He's had multiple violations of probation over and over again. Multiple prison infractions.

I just don't think [the Appellant], because of his dual diagnosis, is in a position where he can actually be successful on probation. If he didn't have that sex offense, we'd have a lot more options for him. It just—it really limits me. . . .

The trial court then ordered the Appellant to serve the balance of his sentence in confinement.

Thereafter, on May 25, 2018, the Appellant filed a "Motion for Reduced Sentence," asking the trial court pursuant to Tennessee Rule of Criminal Procedure 35 to "reconsider and modify its judgment revoking [the Appellant's] probation and invoking the sentence previously entered." On June 8, 2018, before the trial court ruled on the motion, the Appellant filed a timely notice of appeal in this court, challenging "the final ruling of [the trial court] on May 9, 2018 revoking [the Appellant's] probation in favor of his full sentence as the result of his submitting to a first notice of violation of probation." On August 14, 2018, the trial court filed a written order, denying the Appellant's motion for a reduction in sentence. On October 19, 2018, the Appellant filed his appellate brief challenging the revocation of his probation and the trial court's denial of his motion for a reduced sentence.

## II. Analysis

### A. Probation Revocation

The Appellant conceded in the trial court and on appeal that he violated the terms of his probation. He contends, however, that his "violation was only 'technical' in nature and did not involve the accumulation of new charges" and that the trial court abused its discretion by revoking his probation and ordering him to serve his sentence in confinement.

Upon finding by a preponderance of the evidence that the Appellant has violated the terms of his probation, a trial court is authorized to order the Appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

The Appellant contends that the trial court abused its discretion by refusing to grant the Appellant a second chance at an alternative sentence. This court has stated that "[p]robation is a privilege, not a right, which the [Appellant] lost by the criminal behavior he displayed . . . ." State v. Fernando Deandra Vaughn, No. M2004-00552-CCA-R3-CD, 2005 WL 366889, at *3 (Tenn. Crim. App. at Nashville, Feb. 16, 2005) (citation omitted). Further, "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362- CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). We conclude that the trial court did not abuse its discretion in revoking the Appellant's probation and ordering him to serve his original sentence in confinement.

B. Motion to Reduce Sentence

On appeal, the Appellant also appears to challenge the trial court's denial of his motion to reduce his sentence. Initially, we note that denial of Rule 35 motions are reviewed under an abuse of discretion standard. State v. Patterson, 564 S.W.3d 423, 429 (Tenn. 2018).

Tennessee Rule of Criminal Procedure 35(a) provides that a trial court "may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked." Notably,

> Rule 35 does not require the defendant to make any particular showing in support of the motion and affords the trial court broad discretion to determine whether reduction of the initial sentence is appropriate in the interest of justice. In these circumstances, Rule 35 functions simply as a second

- 4 -

opportunity for a defendant to make a plea for leniency. It provides the trial court an opportunity to again consider, after reflection or upon receipt of new probationary reports or other information, whether the initial sentence is too severe for any reason.

Patterson, 564 S.W.3d at 433-34 (internal quotation marks and citations omitted).

Nevertheless, Rule 35 "does not vest the defendant with a remedy as of right." State v. Elvin Williams, No. M2006-00287-CCA-R3-CO, 2007 WL 551289, at *1 (Tenn. Crim. App. at Nashville, Feb. 22, 2007). Indeed, the trial court may deny the motion without a hearing. Tenn. R. Crim. P. 35(c). The Advisory Commission Comments to Rule 35 explain that "[t]he intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice."

In the instant case, the Appellant's Rule 35 motion merely rehashed the arguments the Appellant made at the probation revocation hearing. We conclude that the trial court did not abuse its discretion by denying the motion.

### III. Conclusion

The judgment of the trial court is affirmed.

_____
NORMA MCGEE OGLE, JUDGE

- 5 -