IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 14, 2020 Session

**STATE OF TENNESSEE v. JOSEPH CHRISTOPHER HENDRY II**

**Appeal from the Criminal Court for Wilson County**
**No. 15-CR-33      Brody N. Kane, Judge**

_____

**No. M2019-01284-CCA-R3-CD**

_____

Defendant, Joseph Christopher Hendry II, was indicted for one count of felony first degree murder, one count of premeditated first degree murder, one count of criminal attempt to commit first degree murder, and four counts of aggravated assault. Pursuant to a negotiated plea agreement, Defendant pleaded guilty to second degree murder and received a sentence of 25 years to be served at 100 percent. Defendant filed a motion seeking to reduce his sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. Following a hearing, the trial court denied Defendant's motion. Defendant appeals. Following our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR. and TIMOTHY L. EASTER, JJ., joined.

Peter J. Strianse, Nashville, Tennessee (on appeal and at trial) and Jeff Cherry, Lebanon, Tennessee (at trial) for the appellant, Joseph Christopher Hendry II.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Justin G. Harris and Thomas Swink, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

*Background*

On October 26, 2016, Defendant and the State entered into a "Memorandum of Understanding" whereby the parties agreed that Defendant would plead guilty to second

degree murder and receive a sentence of 25 years to be served at 100 percent. The plea agreement was contingent upon Defendant making a truthful proffer that produced "sufficient corroboration to support criminal prosecutions on all persons" present during the offenses or who aided or abetted the commission of the offenses and upon Defendant testifying truthfully against those persons.

On July 9, 2018, Defendant pleaded guilty to second degree murder. The trial court sentenced him to 25 years to be served at 100 percent and dismissed the remaining counts of the indictment pursuant to the plea agreement.

On November 6, 2018, Defendant filed a timely motion under Rule 35 of the Tennessee Rules of Criminal Procedure, seeking a reduction in sentence. Defendant asserted that he had "cooperated extensively" with the State in the investigation and prosecution of Marvin Bryant and Timothy Wade, Jr., who "participated in the crime to an equal extent." Defendant asserted that without his "willingness to testify, at great personal risk to himself and his family," Mr. Bryant and Mr. Wade "would have never entered pleas of guilty and been brought to justice." Defendant contended that he, Mr. Bryant, and Mr. Wade were "equally culpable" and that the sentences received by Mr. Bryant and Mr. Wade "represent[ed] a profound sentencing disparity among similarly situated defendants."

### *Rule 35 hearing*

At the hearing on Defendant's motion, Lebanon Police Detective David Willmore testified that he was the lead investigator in the case. Detective Willmore participated in several "proffer sessions" with Defendant, his attorneys, and the district attorney's office, in which Defendant explained the events leading up to the shooting on January 5, 2015. Defendant stated that he, Mr. Bryant, and Mr. Wade went to the house of Rashad Seay, where the victim, Insatiable Patton, lived. All three men were armed and shot their weapons into the house, and Defendant's weapon fired the bullet that killed the victim. Police did not recover any of the weapons. Detective Willmore testified that "[t]here was quite a bit of circumstantial evidence that [police] had at the time," and police were able to corroborate parts of Defendant's proffer. Detective Willmore recalled that Mr. Bryant and Mr. Wade both had criminal histories, but he did not recall their prior convictions.

Based upon Defendant's proffer, Mr. Bryant and Mr. Wade were indicted for the same offenses as Defendant. Pursuant to plea agreements, Mr. Wade and Mr. Bryant pleaded guilty to facilitation to commit second degree murder. Mr. Wade was sentenced to serve 15 years at 35 percent, and Mr. Bryant was sentenced to serve 12 years at 30 percent.

At the conclusion of the hearing, the trial court denied Defendant's motion, noting that a modification of Defendant's sentence is available "only in exceptional cases where unforeseen post[-]sentencing developments would permit modification of the sentence in the interest of justice." The trial court found that the disparity in sentences was not unforeseen, noting that "[n]o two cases are exactly the same." In a subsequent written order, the trial court concluded that "merely because [Defendant's] [c]o-[d]efendants received lesser sentences as a result of plea negotiations is not a sufficient 'development' to warrant the relief sought." Defendant filed a timely notice of appeal.

*Analysis*

Defendant contends that the trial court abused its discretion in denying his Rule 35 motion because the disparity between his sentence and his co-defendants' sentences violates the purpose of the Sentencing Reform Act, which is to promote justice by eliminating unjustified disparity in sentencing. The State responds that the trial court properly denied Defendant's motion.

Tennessee Rule of Criminal Procedure 35 provides a mechanism by which a defendant may seek reduction of his sentence within 120 days after the date the sentence is imposed or probation is revoked. Tenn. R. Crim. P. 35(a). The trial court may only reduce a sentence to one that the court could have "originally imposed." *Id*. at 35(b). The denial of a motion to modify sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure is subject to an abuse of discretion standard of review. *State v. Patterson*, 564 S.W.3d 423, 429 (Tenn. 2018) (citing *State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993)). "An abuse of discretion occurs when the trial court applies incorrect legal standards, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *West v. Schofield*, 460 S.W.3d 113, 120 (Tenn. 2015) (citing *State v. Banks*, 271 S.W.3d 90, 116 (Tenn. 2008)).

Where, as in this case, a defendant enters a plea agreement with a specific, negotiated sentence, that sentence may only be modified pursuant to Rule 35(b) "where unforeseen, post-sentencing developments would permit modification of a sentence in the interest of justice." *State v. McDonald*, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994); *see State v. Patterson*, 564 S.W.3d 423, 434 (Tenn. 2018) ("[A] defendant is required to provide such information only if the defendant's Rule 35 motion seeks reduction of a specific sentence imposed in exchange for a guilty plea. For Rule 35 motions of this type, the *McDonald* standard remains applicable and appropriate.").

The State argues that it was not unforeseen that Defendant's co-defendants would receive lesser sentences. We agree. As the trial court noted, when Defendant entered

into the Memorandum of Understanding, he could not anticipate whether his co-defendants would be charged, convicted, or what their sentences would be.  Defendant did not enter his negotiated plea agreement with the understanding that both co-defendants would receive the same sentence Defendant received.  As the trial court noted, each defendant's case is its "own little entity[,]" and "[e]ach case has strengths and weaknesses as any case does."  Defendant received the benefit of his plea agreement by having his remaining charges dismissed and by avoiding a life sentence.

We conclude that the trial court did not abuse its discretion by denying Defendant's Rule 35 motion.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
THOMAS T. WOODALL, JUDGE