IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 18, 2021

## STATE OF TENNESSEE v. MICHELLE BENNINGTON

**Appeal from the Criminal Court for Hamilton County**
**No. 294428   Thomas C. Greenholtz, Judge**
_____

**No. E2020-00025-CCA-R3-CD**
_____

Defendant, Michelle Bennington, filed a pro se motion pursuant to Tennessee Rule of Criminal Procedure 36 to correct an alleged clerical error in a July 22, 2019 probation revocation order.  The motion sought entry of a corrected order providing 827 days of post-judgment jail credit.  The trial court determined that there was no clerical error in the revocation order and denied the motion.  However, the trial court determined that there was a clerical error in the May 23, 2016 judgments of conviction and entered corrected judgments providing two additional days of pretrial jail credit.  Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Michelle Bennington, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Neal Pinkston, District Attorney General; and Kristen Spires, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History

On May 23, 2016, Defendant pled guilty to trafficking for commercial sex act (Count One), contributing to the delinquency of a minor (Count Three), and prostitution (Count Four).  Pursuant to a plea agreement, the trial court sentenced Defendant to eight

years in Count One and eleven months and twenty-nine days in both Counts Three and Four. The sentences were ordered to be served concurrently and were suspended to supervised probation. The judgments provided pretrial jail credit from December 18, 2014, to May 23, 2016.

On July 11, 2017, the trial court issued a capias based on a probation violation report claiming that Defendant tested positive for cocaine, amphetamine, buprenorphine, and methamphetamine. Defendant conceded the violation, and on August 16, 2017, the court partially revoked Defendant's probation through August 26, 2017. The revocation order provided that Defendant would be supervised out of Knox County and would receive jail credit from July 24 to August 16, 2017.

On January 23, 2018, the trial court issued another capias based on a probation violation report claiming that Defendant tested positive for methamphetamine on December 13, 2017. By letter dated June 2, 2019, Defendant notified the court that she was incarcerated in the Tennessee Department of Correction (TDOC) on a sentence out of Knox County. Defendant was transported from prison to Hamilton County on July 19, 2019. On July 22, 2019, Defendant conceded the violation, and the trial court fully revoked probation and ordered Defendant to serve her original sentence. The revocation order provided jail credit from July 19 to July 22, 2019.

On September 19, 2019, Defendant filed a "Motion to Correct Clerical Error on Probation Order" ("the Motion"), claiming that the trial court's July 22, 2019 revocation order failed to award all jail credit to which she was entitled. She claimed that, on December 2, 2016, she pled guilty in Knox County and was sentenced to six years to be served concurrently with her effective eight-year Hamilton County sentence. Defendant moved the court to issue a corrected revocation order to provide 827 days post-judgment jail credit. Specifically, Defendant sought post-judgment jail credit on her Hamilton County sentence for the following: (1) 206 days during which she was incarcerated in Knox County awaiting trial; (2) 37 days during which she was incarcerated in Knox County after she was sentenced on the Knox County charges; (3) 556 days beginning with the full revocation of her Knox County probation on January 12, 2018, through entry of the July 22, 2019 revocation order in Hamilton County during which time she was incarcerated in TDOC; and (4) 28 days that were credited in the Hamilton County August 16, 2017 probation order.

The trial court denied the Motion by order entered on November 18, 2019, finding:

Neither the omission of credit for confinement in jail in Knox County, nor the omission of credit for confinement in prison in West Tennessee, constitutes a clerical error in the judgments of this court, because the record

- 2 -

does not reflect that either confinement was a post-arrest, pre-plea or post-arrest, pre-revocation confinement arising out of the offenses in this case.

The court found that there was no clerical error in the July 22, 2019 revocation order but found that there was a clerical error in the May 23, 2016 judgments of conviction and that Defendant was entitled to jail credit beginning on December 16 not December 18, 2014. The court entered corrected judgments.

Defendant filed an untimely Notice of Appeal on January 6, 2020. The State's motion to dismiss the appeal was denied by this court because Defendant attempted to timely file a Notice of Appeal on December 18, 2019, but the notice was returned to Defendant by the appellate clerk for additional information.

**Analysis**

On appeal, Defendant claims that the trial court erred by failing to award applicable jail credits in its July 22, 2019 revocation order. The State argues that the trial court properly denied the Motion. We agree with the State.

Tennessee Code Annotated section 40-23-101 provides, in pertinent part:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

Tenn. Code Ann. § 40-23-101(c) (2019).

The first sentence of Tennessee Code Annotated section 40-23-101(c) requires trial courts to award pretrial jail credit. The failure to award pretrial jail credits is a clerical error. *State v. Brown*, 479 S.W.3d 200, 212 (Tenn. 2015). A trial court may correct clerical errors in a judgment at any time. Tenn. R. Crim. P. 36.

The second sentence of section 40-23-101(c) entitles a defendant to *post-judgment* credit for any time served in confinement after conviction if the confinement arises out of

the original offense for which the defendant was convicted. "Notwithstanding any other law to the contrary, [TDOC] is responsible for calculating the sentence expiration date and the release eligibility date of any felony offender sentenced to the department and any felony offender sentenced to confinement in a local jail or workhouse for one (1) or more years." Tenn. Code Ann. § 40-35-501(r) (2019); *see State v. Patterson*, 564 S.W.3d 423, 434 (Tenn. 2018). There is "no law to the contrary" applicable to this case.

TDOC, not the trial court, was responsible for calculating post-judgment jail credit on Defendant's Hamilton County sentence and the concurrent Knox County sentence. *See Stewart v. Schofield*, 368 S.W.3d 457, 464 (Tenn. 2012). As the trial court explained in its thorough, five-page order denying the Motion, if Defendant "believes that TDOC overlook[ed] an award of jail credit or otherwise miscalculate[d] the felony sentence, her remedy lies under the Tennessee Uniform Administrative Procedures Act, Tenn. Code Ann. §[§] 4-5-101 [to 325]."

## Conclusion

The trial court correctly determined that there was no clerical error in the July 22, 2019 revocation order. The trial court properly corrected a clerical error in the judgments of conviction to provide two additional days of pretrial jail credit. We affirm the trial court's order denying the Motion and the court's entry of corrected judgments.

_____
ROBERT L. HOLLOWAY, JR., JUDGE