IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2022

## STATE OF TENNESSEE v. JO C. BORDEN

**Appeal from the Circuit Court for Henderson County**
**Nos. 19-360-3, 19-361-3    Kyle C. Atkins, Judge**

_____

### No. W2021-00305-CCA-R3-CD

_____

Jo C. Borden, Defendant, pled guilty in an open plea in case number 19-360-3 to two counts of retaliation for past action and, in case number 19-361-3, to one count of vehicular assault; three counts of reckless aggravated assault; one count of reckless endangerment with a vehicle; and three counts of driving on a revoked license.  The trial court sentenced Defendant to an effective sentence of five years in case number 19-360-3 and to an effective sentence of ten years in case number 19-361-3, and it aligned the sentences in the two cases consecutively.  On appeal, Defendant argues that the trial court improperly sentenced him as a Range III, persistent offender, that it erred by imposing a sentence of confinement, and that it abused its discretion by aligning his sentences consecutively.  After a thorough review, we determine that the trial court did not abuse its discretion by imposing consecutive sentences or by denying alternative sentencing but that the trial court erred in sentencing Defendant as a Range III, persistent offender.  Accordingly, we remand for resentencing consistent with this opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part, Reversed in Part, and Remanded

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which J. ROSS DYER and JOHN W. CAMPBELL, SR., JJ., joined.

Samuel W. Hinson, Lexington, Tennessee, for the appellant, Jo C. Borden.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Eric V. Wood and Chadwick R. Wood, Assistant District Attorneys General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural History

The record on appeal does not contain the transcript of Defendant's guilty plea submission hearing; however, we conclude that the record is sufficient to address the issues raised on appeal. *See State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012). The presentence report listed the following as the factual history of the present case:

> [On or about April 19, 2019,] Defendant was driving a 1997 Dodge Dakota in the 100 block of North Broad Street and was under the influence of marijuana, valium, and other possible narcotics that impaired his driving abilities to the point that he crashed into a school bus. The crash resulted in the serious bodily injury of a passenger, [the victim]. [D]efendant did admit to the officers that he was under the influence of marijuana and had consumed other narcotics this date.
>
> . . . .
>
> [D]efendant's Tennessee driver's license was revoked for the offense of driving under the influence that occurred (2014) in Chester County, Tennessee.
>
> . . . .
>
> On or about May 14, 2019, a telephone call was made by [Defendant] who was currently an inmate at the Henderson County Criminal Justice Center. [D]efendant ha[d] a pending vehicular assault charge with the victim being Aimee Kilburn. At approximately 13:44 hours, [D]efendant placed a telephone call to [a number] believed to belong to Bonnie Cox. During the conversation, [D]efendant stated, "Bonnie, whip that bitch's ass for me[.]" Minutes later during the call, [Defendant] stated, "If she presses charges on me Bonnie, I swear to God you whip that bitch's ass!"
>
> On or about May 14, 2019, a letter written by [Defendant], who was currently an inmate at the Henderson County Criminal Justice Center[,] was submitted to me by the DA's office. [D]efendant ha[d] a pending vehicular assault charge with the victim being Aimee Kilburn. Excerpts from said letter include[,] "Tell all the females your [sic] in jail with who are my friends about Amy pushing the charges. Tell all my friends there I love them and when they see Amy to take care of that for me." ["]Please tell all the girls

who are my friend [sic] to handle this when they see Amy." "I love ya Christina[.] When you see Amy handle biz please. Tell all my friends in jail do the same."

*Sentencing Hearing*

The State introduced eight prior felony judgments of conviction as exhibits. These prior felonies are as follows:

| Case | Offense Date | Offense | Felony Class | Judgment Date |
|------|-------------|---------|--------------|---------------|
| 8949 | June 30, 2008 | Evading arrest | Class E | Feb. 9, 2009 |
| 8919 | Mar. 5, 2008 | Aggravated assault | Class C | Oct. 20, 2008 |
| 7541 | Dec. 7, 1996 | Forgery under $1000 | Class E | May 8, 1997 |
| 7541 | Dec. 7, 1996 | Forgery under $1000 | Class E | May 8, 1997 |
| 7541 | Dec. 7, 1996[1] | Forgery under $1000 | Class E | May 8, 1997 |
| 7541 | Dec. 7, 1996 | Forgery under $1000 | Class E | May 8, 1997 |
| 7540 | Dec. 12, 1996 | Aggravated burglary | Class C | May 8, 1997 |
| 7540 | Dec. 12, 1996 | Aggravated burglary | Class C | May 8, 1997 |

Becky Campagna testified that the victim was her 41-year-old daughter. She said that the victim was injured in a vehicle accident with Defendant. Ms. Campagna stated that, when she arrived at the hospital, the victim was unconscious, on a ventilator, and wearing diapers. She explained that the victim had a traumatic brain injury from the accident and that she was unconscious for about forty-five days. Ms. Campagna said that the victim then came to live with her and that her short-term memory was affected. She stated that the victim "can't tell you what she ate for breakfast today[,]" that she has tardive dyskinesia, and that she can no longer drive. Ms. Campagna explained, "I describe her as being a 41-year-old 10-year-old, because she doesn't have reasoning power that we have." She said that the victim cannot be a mother to her four children.

On cross-examination, Ms. Campagna agreed that the victim voluntarily got into a vehicle with Defendant and that the victim knew that Defendant had used narcotics that day.

Defendant then gave an allocution:

Well, sir, Your Honor, I made a very bad decision that day to drive and I have regretted it every day of my life since then. I know I made a very bad decision and I want you to know that I'm going to better myself. I want

---

[1] The judgment form in this count incorrectly lists December 7, 1997, as the offense date.

- 3 -

to change the way I do things. And I'm very sorry for the way -- for what -- for driving that day.

I'm just -- I'm just very sorry, Your Honor. I feel really bad. I wake up . . . in my sleep sometimes having bad dreams about this. I -- I feel very bad, sir, and I really do.

Defendant then addressed the victim and apologized to her.

The prosecutor argued that, for the purposes of determining offender status, Defendant had five prior felony convictions and should be sentenced as a Range III, persistent offender. He noted that Defendant's two 1997 aggravated burglary convictions occurred within a 24-hour period and said,

I've highlighted on everybody's copy the Section 4 where it says: separate convictions of aggravated burglary under 39-13-403, everything in a 24-hour period counts as one. . . .[2] The Section 4 maintains that the aggravated burglary statute does not fall under the 24-hour counting as one provision. [The aggravated burglary convictions] would count separately.

Defense counsel objected to Defendant's status as a Range III, persistent offender.

The trial court merged Defendant's three counts for driving on a revoked license. In determining the appropriate sentence, the court considered the evidence presented at this sentencing hearing, stating:

I've looked at the [p]resentence [r]eport. I've looked at the principles of sentencing, listened to the arguments made as to the sentencing, the nature and characteristics of the criminal conduct involved, the information supplied by the parties regarding mitigating and enhancement factors. I've taken into consideration the statement made by [D]efendant today and his potential for rehabilitation.

The trial court determined that Defendant was a Range III, persistent offender. It concluded that Defendant's two 1997 aggravated burglary convictions fell under the exception to the 24-hour merger rule in section 40-35-107(b)(4), so it counted each of those as separate convictions.

---

[2] The record does not contain the copy of "Section 4" that was highlighted by the State. Tennessee Code Annotated section 39-13-403, at the time of the sentencing hearing, codified the offense of especially aggravated robbery. Aggravated burglary was codified at section 39-14-403.

The trial court found that enhancement factor (1) applied, stating:

[D]efendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range in that he has, by my count, five prior B misdemeanors, [thirty-three][3] prior A misdemeanors -- and I won't go through each and every one of them -- five E felonies, and three C felonies, all occurring since he was 18 years old.

The trial court also applied enhancement factors (3), that the offense involved more than one victim; (6), that the personal injuries inflicted or amount of property damage sustained was particularly great; and (11), that the felony resulted in serious bodily injury. The trial court did not apply any mitigating factors.

The trial court stated that Defendant's mental and physical health, prior criminal history, previous actions and character, and amenability to correction, as well as the facts and circumstances surrounding the offense, all weighed against a grant of probation. The trial court noted that Defendant had previously violated the terms of probation five different times. It said that the interest in protecting society against Defendant's future conduct also weighed against probation.

In determining consecutive sentencing, the trial court stated that Defendant "is an offender whose record of criminal activity is extensive. And I find that he is being sentenced for an offense committed while on probation." The presentence report indicated that Defendant was on probation for theft of property valued under $500 and for escape at the time of the present offenses. The trial court sentenced Defendant as follows:

| Case No. | Count[4] | Offense | Offense Class | Sentence |
|---|---|---|---|---|
| 19-360-3 | 1 | Retaliation for past action | E felony | 5 years |
| 19-360-3 | 2 | Retaliation for past action | E felony | 5 years |
| 19-361-3 | 1 | Vehicular assault | D felony | 10 years |
| 19-361-3 | 2 | Reckless aggravated assault | D felony | 10 years |
| 19-361-3 | 3 | Reckless aggravated assault | D felony | 10 years |
| 19-361-3 | 4 | Reckless aggravated assault | D felony | 10 years |
| 19-361-3 | 5 | Reckless endangerment with a vehicle | E felony | 5 years |

---

[3] The presentence report lists thirty-three total prior convictions, twenty-five of which were misdemeanors.

[4] The State dismissed counts 6 and 7 in case number 19-361-3, both for DUI, because "ultimately they would have merged" into count 1 for vehicular assault.

| 19-361-3 | 8 | Driving with a revoked license – first offense | B misdemeanor | Merged with count 10 |
| 19-361-3 | 9 | Driving with a revoked license – second or subsequent offense | A misdemeanor | Merged with count 10 |
| 19-361-3 | 10 | Driving with a revoked license – second or subsequent offense | A misdemeanor | 11 months, 29 days |

The trial court aligned the counts in each case concurrently and aligned the sentences in both cases consecutively, for a total effective sentence of fifteen years with a forty-five percent release eligibility.

## **Analysis**

Defendant argues that the trial court erred by sentencing him as a Range III, persistent offender. He asserts that the trial court abused its discretion by imposing consecutive sentencing. Finally, he contends that the trial court "did not adequately consider" alternative sentencing.

### *Offender Status*

Defendant argues that his two 1997 convictions for aggravated burglary should count as one prior offense for the purpose of establishing his offender status because they both occurred within a 24-hour period. He contends that Tennessee Code Annotated section 40-35-107(b)(4), on which the trial court relied, did not exclude aggravated burglary from the 24-hour merger rule at the time the aggravated burglaries were committed. The State concedes that the trial court erred and requests remand for resentencing Defendant as a Range II, multiple offender.

The standard of review applicable to the length of sentences adopted in *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012), has now been applied to the trial court's determination the range classification. *State v. Laylon Ward*, *Jr.*, No. W2017-00736-CCA-R3-CD, 2018 WL 1091792, at *2 (Tenn. Crim. App. Feb. 23, 2018) (citing *State v. Joseph Cordell Brewer*, *III*, No. W2014-01347-CCA-R3-CD, 2015 WL 4060103, at *7-8 (Tenn. Crim. App. June 1, 2015)). Thus, if the trial court's determination that Defendant was a Range III, persistent offender is supported by the record and reflects that the trial court properly applied the purposes and principles of sentencing, the trial court's decision is reviewed for an abuse of discretion, with a presumption of reasonableness.

As pertinent here, a Range III, persistent offender is "a defendant who has received [a]ny combination of five (5) or more prior felony convictions within the conviction class or higher or within the next two (2) lower felony classes[.]" Tenn. Code Ann. § 40-35-

- 6 -

107(a)(1) (2020). A Range II, multiple offender is "a defendant who has received [a] minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes[.]" Tenn. Code Ann. § 40-35-106(a)(1) (2020). "The State bears the burden of establishing beyond a reasonable doubt that the defendant possesses the requisite number of prior felonies to qualify for a particular range." *Laylon Ward, Jr.*, 2018 WL 1091792, at \*7.

At the time of Defendant's 1997 aggravated burglary convictions, both Class C felonies, the 24-hour merger rule stated that, "[e]xcept for convictions for which the statutory elements include serious bodily injury, bodily injury, threatened serious bodily injury, or threatened bodily injury to the victim or victims, convictions for multiple felonies committed within the same 24-hour period constitute one (1) conviction for the purpose of determining prior convictions[.]" Tenn. Code Ann. § 40-35-107(b)(4) (1997). In 2009, this section was amended to also exclude aggravated burglary from the 24-hour merger rule. *See* Tenn. Code Ann. § 40-35-107(b)(4) (2009). This court has previously noted that aggravated burglaries within a 24-hour period "'occurring on or after August 17, 2009, shall count as [separate] prior convictions for the purposes enumerated in this act.'" *State v. Jamie Paul Click*, No. E2015-01769-CCA-R3-CD, 2017 WL 1189750, at \*16 (Tenn. Crim. App. Mar. 30, 2017) (quoting Tenn. Code Ann. §§ 40-35-106, Compiler's Notes; -107, Compiler's Notes; -108, Compiler's Notes), *abrogated on other grounds by State v. Patterson*, 564 S.W.3d 423 (Tenn. 2018), *perm. app. denied* (Tenn. Aug. 16, 2017); *see also State v. Kenneth Edward Watts*, No. E2010-00553-CCA-R3-CD, 2011 WL 5517000, at \*6 (Tenn. Crim. App. Nov. 8, 2011) ("The legislature amended the statute in 2009 to exclude aggravated burglary from the twenty-four-hour merger rule[.]").

Here, Defendant's two aggravated burglaries occurred within twenty-four hours, on December 12, 1996, and he was convicted in May 1997. For the 24-hour merger rule as it existed at the time, these two 1997 aggravated burglary convictions "constitute one (1) conviction for the purpose of determining prior convictions" for establishing offender status. Tenn. Code Ann. § 40-35-107(b)(4) (1997); *see id*. Defendant's other prior felonies include a 2008 evading arrest conviction (a Class E felony), a 2008 aggravated assault conviction (a Class C felony), and four 1997 forgery convictions that also merge under the 24-hour merger rule (a Class E felony). The felonies in the present case are either D or E felonies, so all four of Defendant's prior felonies are within the same conviction class, a higher conviction class, or within two lower conviction classes of the present offenses. Tenn. Code Ann. § 40-35-106(a)(1) (2020). Thus, for the purposes of establishing offender status, Defendant has four prior felony convictions, and is a Range II, multiple offender. *Id*. The trial court erred in sentencing Defendant as a Range III, persistent offender, and we remand for resentencing of Defendant as a Range II, multiple offender.

*Consecutive Sentencing*

Defendant argues that consecutive sentencing resulted in an excessive sentence because his actions were not intentional. The State responds that the trial court properly based its consecutive sentencing determination on two factors.

When the record establishes that the trial court imposed a sentence within the appropriate range that reflects a "proper application of the purposes and principles of our Sentencing Act," this court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *Bise*, 380 S.W.3d at 707. A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

In determining the proper sentence, the trial court must consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant made in the defendant's own behalf about sentencing. *See* Tenn. Code Ann. § 40-35-210; *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. Tenn. Code Ann. § 40-35-103(5) (2020).

To facilitate meaningful appellate review, the trial court must state on the record the factors it considered and the reasons for imposing the sentence chosen. Tenn. Code Ann. § 40-35-210(e) (2020); *Bise*, 380 S.W.3d at 706. However, "[m]ere inadequacy in the articulation of the reasons for imposing a particular sentence . . . should not negate the presumption [of reasonableness]." *Bise*, 380 S.W.3d at 705-06. The party challenging the sentence on appeal bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40-35-401 (2020), Sentencing Comm'n Cmts.

In *State v. Pollard*, the Tennessee Supreme Court expanded its holding in *Bise* to trial courts' decisions regarding consecutive sentencing. *State v. Pollard*, 432 S.W.3d 851, 859 (Tenn. 2013). "The court may order sentences to run consecutively if the court finds by a preponderance of the evidence that[] . . . [t]he defendant is an offender whose record of criminal activity is extensive[.]" Tenn. Code Ann. § 40-35-115(b)(2) (2020). This

factor has been interpreted "to apply to offenders who have an extensive history of criminal convictions and activities, not just to a consideration of the offenses before the sentencing court." *State v. Palmer*, 10 S.W.3d 638, 647-49 (Tenn. Crim. App. 1999). Moreover, the court may order sentences to run consecutively if the court finds by a preponderance of the evidence that[]. . . [t]he defendant is sentenced for an offense committed while on probation." Tenn. Code Ann. § 40-35-115(b)(6) (2020). Any one ground set out in the above statute is "a sufficient basis for the imposition of consecutive sentences." *Pollard*, 432 S.W.3d at 862 (citing *State v. Dickson*, 413 S.W.3d 735, 748 (Tenn. 2013)). "So long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." *Id.* (citing Tenn. R. Crim. P. 32(c)(1)).

The presentence report supports the trial court's determination that Defendant has an extensive criminal record. Since 1997, Defendant has accrued thirty-three convictions, with eight of those being felony convictions. *See* Tenn. Code Ann. § 40-35-115(b)(2) (2020). Moreover, Defendant was on probation for theft and escape at the time of the present offenses. *See* Tenn. Code Ann. § 40-35-115(b)(6) (2020). The trial court did not abuse its discretion in imposing consecutive sentencing.

*Alternative Sentencing*

Within his argument concerning consecutive sentencing, Defendant also states that he "would be an excellent candidate for probation." He asserts that probation would not depreciate the seriousness of the offenses.

The State responds that the trial court based its denial of alternative sentencing on several relevant factors. It contends that Defendant failed to meet his burden to demonstrate that probation was appropriate.

When a trial court denies probation or any other alternative sentence to an eligible defendant and states on the record reasons that are in accordance with the purposes and principles of sentencing, the court's decision is reviewed under an abuse of discretion standard, accompanied by a presumption of reasonableness. *Caudle*, 388 S.W.3d at 278-79; *Bise*, 380 S.W.3d at 707. We will reverse the trial court's decision for abuse of discretion "only when the court applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining." *State v. Gilliland*, 22 S.W.3d 266, 270 (Tenn. 2000) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)) (internal quotation marks omitted).

Under Tennessee Code Annotated section 40-35-103, the trial court should look to the following considerations to determine whether a sentence of confinement is appropriate:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1) (2020).

Here, the trial court noted that Defendant had previously violated the terms of probation five times. The trial court stated that Defendant's mental and physical health, prior criminal history, previous actions and character, and amenability to correction, as well as the facts and circumstances surrounding the offenses, all weighed against a grant of probation. It determined that confinement was necessary to protect society by restraining a defendant who has a long history of criminal conduct. The trial court did not abuse its discretion by denying alternative sentencing because Defendant has a long history of criminal conduct and because measures less restrictive than confinement have frequently been applied unsuccessfully to Defendant. *See* Tenn. Code Ann. § 40-35-103(1)(A), (C) (2020). Defendant is not entitled to relief on this issue.

### Conclusion

For the foregoing reasons, we affirm the trial court's imposition of a sentence of confinement and its consecutive sentencing alignment. We reverse the trial court's sentencing of Defendant as a Range III, persistent offender and remand for resentencing of Defendant as a Range II, multiple offender.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 10 -