IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 10, 2023

**STATE OF TENNESSEE v. ADAM JANES**

**Appeal from the Circuit Court for Rutherford County
No. 83071    Barry R. Tidwell, Judge**

_____

**No. M2023-00112-CCA-R3-CD**

_____

The Defendant, Adam Janes, appeals the trial court's denial of his motion for a reduction of sentence pursuant to Tennessee Rule of Criminal Procedure 35. Specifically, the Defendant argues that: (1) he received the ineffective assistance of trial counsel; (2) he entered into his guilty plea unknowingly and involuntarily; (3) the assistant district attorney was prejudiced against him; (4) he was entitled to concurrent sentences; (5) he was not given the opportunity of rehabilitation; (6) his sentence was not the least severe measure necessary to achieve the purposes for which the sentence was imposed; and (7) the State failed to file a notice of intent to seek enhanced punishment. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JOHN W. CAMPBELL, SR., JJ., joined.

Adam Janes, Whiteville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General; Jennings H. Jones, District Attorney General; and Allyson Abbott, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.    FACTUAL AND PROCEDURAL HISTORY

On July 5, 2017, the Defendant pleaded guilty in case number 76764 to aggravated assault. *See* Tenn. Code Ann. § 39-13-102. The Defendant was sentenced to six years with the Tennessee Department of Correction suspended to supervised probation. On May

26, 2021, the Defendant pleaded guilty to attempted aggravated kidnapping and aggravated assault in the present case. *See id.* §§ 39-12-101, -13-102, -13-304. As part of his guilty plea in this case, he agreed to an incarcerative six-year sentence on both counts, ordered to run consecutively to each other and to case number 76764.

The Defendant submitted a pro se "Petition for Relief from Conviction or Sentence" on June 26, 2021. Appointed counsel filed an amended petition for post-conviction relief on August 25, 2021.[1] The Defendant did not include the petition or its amendment in the record on appeal.

On September 9, 2022, the Defendant filed a pro se "Petition to Modify Sentence," arguing that he was not seeking post-conviction relief and wanted only to address his sentence. A hearing ensued on September 28, 2022. At the hearing, defense counsel explained that the Defendant did not intend to file a post-conviction petition but rather was challenging the consecutive nature of his sentences. The trial court questioned the Defendant, and the Defendant affirmed that he was not seeking post-conviction relief and wanted to move forward with a motion for a reduction of sentence pursuant to Tennessee Rule of Criminal Procedure 35. The trial court allowed the Defendant to move forward with his Rule 35 claim and gave the Defendant thirty days to supplement his pleadings as to why his sentence should be modified.

On October 10, 2022, the Defendant filed a pro se "Motion to Reconsider Sentence." In his motion, the Defendant argued that: (1) the State failed to file a notice of intent to seek enhanced punishment; (2) "[t]wo or more offenses shall be joined in the same indictment, presentment or information with each offense consolidated to Rule 13"; (3) he was a favorable candidate for alternative sentencing; (4) the assistance district attorney was hostile and prejudiced against him because of his having previously prosecuted the Defendant; and (5) he received the ineffective assistance of trial counsel.

On November 28, 2022, the trial court denied the Defendant's motion for sentence reduction without a hearing. The trial court found that the Defendant waived his post-conviction claims of ineffective assistance of counsel by affirmatively abandoning his petition at the hearing. *See Serrano v. State*, 133 S.W.3d 599, 604 (Tenn. 2004). It further found that the Defendant failed to show post-sentencing information or developments warranting a sentence reduction in the interest of justice because the Defendant's claims were known to him at the time he pleaded guilty. *See* Tenn. R. Crim. P. 35, Advisory

---

[1] While there is no petition or amendment in the record, we glean this information from the trial court's final order.

Comm'n Cmts.; *see State v. Patterson*, 564 S.W.3d 423, 432-34 (Tenn. 2018).  This appeal followed.

## II.   ANALYSIS

The Defendant argues that the trial court erred by denying his motion for a reduction in sentence and requests that his sentences be aligned concurrently.  In his brief, the Defendant asserts multiple, repetitive arguments supporting his request.  We have reordered and condensed these arguments for clarity.  The Defendant contends that: (1) he received ineffective assistance of trial counsel by counsel's failure to adequately investigate, prepare, and communicate with the Defendant about the case and plea agreement, and the Defendant suffered prejudice as a result; (2) the Defendant entered into his guilty plea unknowingly and involuntarily; (3) the assistant district attorney was "hostile" and prejudiced against the Defendant; (4) the Defendant did not meet the statutory criteria for consecutive sentences pursuant to Tennessee Code Annotated section 40-35-115(b); (5) the Defendant was not given the opportunity of rehabilitation pursuant to Code section 40-35-102(5); (6) the Defendant's sentence was not the least severe measure necessary to achieve the purposes for which the sentence was imposed; and (7) the State failed to file a notice of intent to seek enhanced punishment pursuant to Code section 40-35-202(a).

The State responds that the Defendant waived his claims of ineffective assistance of trial counsel and entering into a guilty plea unknowingly and involuntarily.  In the alternative, it asserts that the Defendant failed to present proof for these contentions and that alleged constitutional violations are not proper subjects of a Rule 35 appeal.  Regarding the Defendant's remaining claims, the State argues that the Defendant failed to show post-sentence developments or evidence of changes in circumstances sufficient to warrant a sentence reduction in the interest of justice.

Tennessee Rule of Criminal Procedure allows a defendant to seek a reduction in sentence with the trial court within 120 days after a sentence is imposed.  Tenn. R. Crim. P. 35(a).  This 120-day time limit cannot be extended or tolled.  *Id*.  "The intent of [Rule 35] is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice."  Tenn. R. Crim. P. 35, Advisory Comm'n Cmts.; *see State v. Hodges*, 815 S.W.2d 151, 154 (Tenn. 1991).  When a defendant enters into a plea agreement with the State in exchange for a specific sentence, the defendant must show that post-sentencing information or developments have arisen to warrant a reduction in sentence in the interest of justice.  *State v. McDonald*, 893 S.W.2d 945, 948 (Tenn. Crim. App. 1994); *Patterson*, 564 S.W.3d at 434 (holding that the *McDonald* standard remains

applicable in cases where a defendant seeks to reduce an agreed-to sentence). The trial court may deny a Rule 35 motion without a hearing. Tenn. R. Crim. P. 35(c). This court reviews a trial court's denial of a Rule 35 motion for an abuse of discretion. *Patterson*, 564 S.W.3d at 429.

Here, the Defendant alleges two constitutional violations—that he received the ineffective assistance of counsel and that he entered into his guilty plea unknowingly and involuntarily. Relative to the Defendant's ineffective assistance of counsel contention, the Defendant affirmed to the trial court at the hearing that he was not pursuing post-conviction relief and wanted only to proceed under a Rule 35 motion for a reduction of sentence. As such, he has waived any argument of ineffective assistance of counsel. *See Serrano*, 133 S.W.3d at 604 (holding that a petitioner may waive the right to post-conviction relief). Furthermore, a Rule 35 motion is not the proper procedure for alleging constitutional violations, such as ineffective assistance of counsel or an involuntary guilty plea. *See State v. Harmon,* No. No. E2016-00551-CCA-R3-CD, 2017 WL 2839744, at *3 (Tenn. Crim. App. July 3, 2017*)*; *State v. Beaudion*, No. M2001-01560-CCA-R3-CD, 2002 WL 31819132, at *2-3 (Tenn. Crim. App. Dec. 13, 2002). Accordingly, these arguments are not a proper basis for a Rule 35 appeal.

The Defendant's remaining contentions for a reduction in sentence are also without merit. While we note that the transcript of the guilty plea hearing is absent from the record, the guilty plea acceptance form clearly outlines the agreed-upon sentence reflected in the judgments. The plea agreement specifically stated that the Defendant's sentences were to run consecutively to each other and consecutively to case number 76764. The Defendant was aware of these circumstances at the time he accepted the guilty plea. As such, his allegations that the assistant district attorney was hostile and prejudiced against him, that he was entitled to concurrent sentences, that he was not given an opportunity for rehabilitation, and that his sentence was not the least severe measure available are not post-sentencing developments. *McDonald*, 893 S.W.2d at 948; *Patterson*, 564 S.W.3d at 434. Moreover, regarding the Defendant's argument that the State failed to file a notice of intent to seek enhanced punishment, a valid guilty plea waives any irregularity as to offender classification. *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997); *State v. Mahler*, 735 S.W.2d 226, 228 (Tenn. 1987). Therefore, we conclude that the trial court did not abuse its discretion denying the Defendant's motion for a reduction of sentence.

## III. CONCLUSION

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
KYLE A. HIXSON, JUDGE